Judge Owsley
delivered the opinion.
To be released trom a judgment recovered at law by Robenson, the testator of the appellee exhibited his bill in equity, with an injunction, against Robenson; and Roben-8on being without the state, an order of publication was’ made, commanding him to answer, or the bill would be taken for confessed.
After this, the testator departed this life, and an order Was made, directing a revival of the suit in tbe name of his personal representative; whereupon the appellee, the executor named in tbe will of the testator, filed his bill of revivor, and without the service of process, or order of publication on that bill, an order was made taking tbe bill for confessed, and a decree was finally pronounced perpetuating tbe injunction obtained by the testator, and directing Robenson to pay costs.
The proceedings are evidently insufficient to authorise the decree which was pronounced by the court. According to the ancient and established rules of chancery practice, no decree could be .pronounced after the death of either complainant or defendant, without a revival of the suit in the name of the legal representatives of tbe decedent; and the only mode by which the suit could be revived, was, by exhibiting a bill of revivor, and causing the service of process thereunder.
Tbe rules of practice has, it is true, in this respect, undergone a slight alteration by a statute of this country, amending tbe proceedings in civil cáses. 2 Litt. 401, 8, 10, But that statute only provides for the revival of suits in chancery after an answer of the deceased defendant has been fifed, and cannot be construed so as to dispense with a bill of revivor, where either complainant or defendant dies before the answer is filed; and wherever a bill of re- *565 Vjvor is necessary, tliere must be either an actual or constructive service of process before a decree can be regularly pronounced.
Hardin for appellant, Littell and Crittenden contra,
If, therefore, Robenson bad been within the country, be should have been served with process under the bill of re-vivor; but as he appears not to have been within the country, an order should have been obtained, and publication made, as is required in the case of absent defendants. But as he was neither served with process, nor publication made against him. the decree must be reversed with costs, and the cause remanded, and further proceedings had, not iti-consis'ent with this opinion.